# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620
_____

September 19, 2023

**VIA ECF**
Honorable Judge Robert M. Levy
United States District Court
Eastern District of New York
Brooklyn Courthouse

      Re:  <u>Diaz, et al. v. First Drunken Chicken Corp., et al.</u>
           1:21-cv-05428-OEM-RML

Dear Judge Levy:

      This office represents the Plaintiffs in the above referenced matter. Plaintiffs write, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions. A Countersigned copy of the Agreement is attached hereto as **Exhibit A**.

      Plaintiffs allege that they were employed by Defendants. Plaintiffs brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiffs allege that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages and failure to provide statutorily-required wage statements and wage notices. Defendants have denied these allegations.

      **I.     The Proposed Settlement is Fair and Reasonable**

      Under the Agreement, Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of the Agreement, the total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) (the "Settlement Amount"). The total Settlement Amount shall be allocated and divided between the Plaintiffs and Plaintiffs' attorneys, CSM Legal, P.C. The Settlement Amount shall be paid in three (3) installments, as follows:

    a) <u>Installment 1:</u> One check, payable within 30 days of Court approval of this Agreement, in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) made payable to "CSM Legal, P.C. as Attorneys for Plaintiffs Angel Diaz, Bernabe Garcia, and Miguel Garcia".
    b) <u>Installment 2:</u> One check, payable within 30 days after the first installment became due, in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "CSM Legal, P.C. as Attorneys for Plaintiffs Angel Diaz, Bernabe Garcia, and Miguel Garcia".

      c) <u>Installment 3:</u> One check, payable within 30 days after the second installment became due, in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "CSM Legal, P.C. as Attorneys for Plaintiffs Angel Diaz, Bernabe Garcia, and Miguel Garcia".

Plaintiff Angel Diaz will receive a total of $10,000.00 by IRS Form 1099; Plaintiff Bernabe Rueda Garcia will receive a total of $1,174.35 by IRS Form 1099; Plaintiff Miguel Garcia will receive a total of $7,144.25; and Plaintiffs' counsel will receive $6,681.40 by IRS Form 1099.

The parties participated in the mediation process, and were successfully able to come to an agreement. The Plaintiffs agreed to the current settlement amount because they wished to be compensated in part for what they believed they are owed and they do not wish to drag out the litigation process any further, benefitting all parties.

Plaintiffs alleged that the Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, as well as notice and recordkeeping violations. In determining Plaintiffs' damages, Plaintiffs conveyed what they believed their hours and wages were when they were employed by Defendants. Plaintiffs' counsel then created the damages chart to reflect the information conveyed by Plaintiffs. Plaintiffs allege that they are entitled to back wages from Defendants in the amount of approximately Thirty-Four Thousand Two Hundred Ninety-Six Dollars and Twenty-Five Cents ($34,296.25). Plaintiffs estimated that if they had recovered in full for their claims, exclusive of attorney's fees, they would be entitled to approximately One Hundred Thousand Three Hundred Forty-Seven Dollars and Sixty-Four Cents ($100,347.64). A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as **Exhibit B**. However, this calculation of damages was disputed by Defendants and was determined to be possibly flawed following discussions with the Defendants. Specifically, Defendants contested Plaintiffs' allegations regarding the number of hours worked and wages paid by producing time records and payment documents. A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

As such, Plaintiffs believe the settlement is reasonable, both due to the challenges of prevailing on the merits and because of the risk that Plaintiffs may not be able to collect a post-trial judgment. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F Supp 2d 362, 364 (SDNY 2013).

Considering the risks in this case outlined above, the parties believe that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated

FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive Six Thousand Six Hundred Eighty-One Dollars and Forty Cents ($6,681.40) from the settlement fund as attorneys' fees and costs. This amount is reasonable and well within the contingency fee terms of Plaintiffs' retainer agreements attached hereto as **Exhibit C**. Plaintiffs' counsel's lodestar amount of attorneys' fees and costs, as reflected in the invoice attached hereto as **Exhibit D**, is $4,490.00, including $2,191.40 in costs.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany,* 522 F.3d 182 (2d Cir. 2008) (The court explained that in most cases, attorney's fees up to a maximum of two times the lodestar amount are presumptively reasonable.); *see also Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

    i.    I, Jarret Bodo ("JFB"), graduated with a J.D. from the Maurice A. Deane School of Law at Hofstra University in 2020 and was admitted to the New York State Bar in 2021. Prior to joining CSM Legal, P.C., I worked on personal injury and mass torts cases at Meirowitz & Wasserberg, LLP. My work is billed at a rate of $350 per hour.

    ii.    Bryan D. Robinson was an associate at CSM Legal, P.C., formerly known as Michael Faillace & Associates. Attorney Bryan D. Robinson developed a background in representing plaintiffs in civil litigation and also defendants in criminal cases in Brownsville, Texas. Subsequently, attorney Bryan D. Robinson vigorously advocated for his clients in matters pertaining to Family and Employment Law in New York City. Mr. Robinson has managed a case load of over 65 employment related actions from intake to verdict in the Southern and Eastern Districts of New York. He graduated from Maurice A. Deane School of Law at Hofstra University in 2018, where his focus was Corporate law; notwithstanding, Mr. Robinson also represented immigrants against the threat of deportation through a student practice order as member of the Hofstra Law Deportation Defense Clinic. Prior to successfully obtaining his Juris doctor from Hofstra Law, Mr. Robinson attended Escuela Libre de Derecho in Mexico City, Mexico, where he obtained a diploma in Corporate Law. His ability to speak and write in the Spanish language has facilitated interaction with plaintiffs who only speak Spanish. Furthermore, this

ability coupled with Mr. Robinson's legal background has granted him the opportunity to serve as an advisor to politicians both in Mexico, and in the United States. He is licensed to practice law in the Southern and Eastern Districts of New York, the Southern District of Texas, and also the state Courts of New York and Texas. Mr. Robinson is requesting an hourly rate of $300.00 (billing entries are denoted by "BR").

   iii.  Catalina Sojo ("CS"), is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. She graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

   iv.  Paralegals ("PL/PU/EM") are billed at a rate of $125.00 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

        Respectfully submitted,

        /s/ Jarret T. Bodo
        Jarret T. Bodo, Esq
        CSM Legal, P.C.
        *Attorneys for the Plaintiffs*